UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

COUNTRYWIDE HOME LOANS, INC.,

      Plaintiff,

v.                                      Case No. 06-C-1254

STEWART TITLE GUARANTY CO.,

      Defendant.

**ORDER DENYING MOTION TO REMAND**

    Plaintiff Countrywide Home Loans, Inc. ("Countrywide") holds a mortgage in the amount of $183,500 on property titled to Christopher and Jennifer Heim. Defendant Stewart Title Guaranty Co. ("Stewart") issued a final title policy to insure that the mortgage would be in first lien position. In May of 2006, Countrywide learned that Associated Bank had filed a foreclosure action on the Heim property and that Countrywide's mortgage was not in first lien position. Countrywide then filed a title claim with Stewart in order to compel Stewart to defend Countrywide in Associated Bank's foreclosure action. After Stewart refused to do so, Countrywide filed an action in the Circuit Court for Manitowoc County against Stewart, raising various claims in connection with Stewart's alleged failure to discover the prior mortgage and to defend Countrywide's claim. Stewart removed the case to this court, and now Countrywide has moved the court to remand the case to state court. For the following reasons, Countrywide's motion will be denied.

**BACKGROUND**

    Plaintiff Countrywide is a New York corporation with its principal place of business in California, while Stewart is a Texas corporation with its principal place of business in Texas.

(Notice of Removal ¶¶ 2, 3.) As set forth above, Countrywide commenced this action in Manitowoc County Circuit Court on November 10, 2006, and Stewart was served on November 16, 2006. Countrywide brought five claims in the state court action: misrepresentation, defective title, negligence, breach of contract, and bad faith arising from Stewart's alleged failure to defend Countrywide's claim in the foreclosure action. On December 6, 2006, Stewart removed the case to this court under 28 U.S.C. § 1441(a), and set forth 28 U.S.C. § 1332(a)(1) as the basis of this court's jurisdiction. Plaintiff's counsel received the notice of removal on December 8, 2006, and on January 8, 2006, filed the instant motion to remand to state court. Stewart filed a timely response brief, and Countrywide has not filed a reply brief.

In short, Countrywide argues that the court lacks subject matter jurisdiction because the amount in controversy between the parties is less than $75,000, and that remand is therefore proper. Stewart argues that the jurisdictional minimum amount is satisfied merely by examining the four corners of Countrywide's complaint.

## ANALYSIS

**I. Remand generally**

Except as otherwise expressly provided by Act of Congress, a defendant may remove a state court civil action to a federal district court that has original jurisdiction and that embraces the place where the state action is pending. 28 U.S.C. § 1441(a). In establishing the existence of jurisdiction, the burden of proof is on the proponent of the exercise of jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). The case should be remanded if there is doubt as to the right of removal. *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

The Seventh Circuit follows the so-called "either viewpoint" approach when determining the amount in controversy, that is, the amount in controversy can be determined from either the plaintiff's or the defendant's viewpoint. *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002); *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000). In a removal case in the Seventh Circuit, the amount in controversy is the amount at stake to either party on the day the suit was removed, rather than the day the original complaint was filed in state court. *BEM I*, 301 F.3d at 552. The removing defendant ordinarily may establish the amount in controversy by pointing to the amount requested in the ad damnum of the complaint. *Krider Pharmacy & Gifts, Inc. v. Medi-Care Data Sys., Inc.*, 791 F. Supp. 221, 224 (E.D. Wis.,1992) (citing 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3725 (1985)). Where the complaint is silent or ambiguous as to damages, the court determines whether the jurisdictional minimum is met on the basis of the record existing at the time of removal. *Uhl v. Thoroughbred Tech. Telecomm., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir.1993). This will include the state court complaint, any amendments thereto, the notice of removal filed with the federal court, and any other relevant materials in the state court record. 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3725, p.73 (3d ed. 1998). Where the plaintiff provides little information in the complaint about the value of its claims, the court may accept the defendant's good-faith estimate of the stakes if the estimate is plausible and supported by a preponderance of the evidence. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Two or more claims between a single plaintiff and a single defendant may be aggregated for purposes of determining whether the jurisdictional amount requirement has been met for removal purposes. *Snyder v. Harris*, 394 U.S. 332, 335 (1969).

3

If there are material factual allegations regarding the jurisdictional minimum, the removing defendant, as the proponent of federal jurisdiction, must prove the jurisdictional facts by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). "Once the [jurisdictional] facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Id.* Rather, after the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Oshana*, 472 F.3d at 511 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

## II. Discussion

Stewart cites diversity jurisdiction under 28 U.S.C. § 1332(a) as the basis for this court's original jurisdiction. Because there is complete diversity of citizenship between the parties, the sole question[1] is whether the amount in controversy between the parties, exclusive of costs and interest, exceeds $75,000. *See* 28 U.S.C. § 1332(a).

Although Countrywide's state court complaint does not specify an amount in controversy, it suggests the amount in controversy exceeds the jurisdictional minimum. For example, the complaint alleges that Countrywide's mortgage is in the amount of $183,500 (Compl. Intro. ¶ 3) and that Countrywide is in danger of "losing its mortgage" in the foreclosure action of a prior lender. (*Id.* ¶ 7.) In the bad-faith claim, Countrywide alleges that Stewart's "refusal to defend has jeopardized Plaintiff's mortgage." (*Id.* Claim Five ¶ 4.) Similarly, in the negligence claim arising

---

[1] The parties do not dispute that Stewart's removal was timely under 28 U.S.C. § 1446 or that Countrywide's motion to remand was timely filed pursuant to 28 U.S.C. § 1447(c).

4

from Stewart's alleged failure to discover and disclose the prior mortgage, Countrywide alleges that Stewart has "jeopardized" Countrywide's mortgage. (*Id.* Claim One ¶¶ 4, 6.) Finally, in the ad damnum of the complaint, Countrywide demands judgment for "principal, interest, late charges, taxes, insurance, costs, disbursements and attorney fees." (*Id.* Ad Damnum ¶ 1.) Given that the only "principal" amount referred to in the complaint is the $183,500 principal amount of Countrywide's mortgage to the Heims, a common-sense reading of the complaint would be that Countrywide seeks to recover at least $183,500.

Despite this rhetoric, Countrywide is not really suing Stewart for the $183,500 amount of its mortgage to the Heims. Even if the face amount of Countrywide's mortgage to the Heims were $5 million, the amount needed to compensate Countrywide would still be just the amount necessary to remove the first mortgage. According to Countrywide, the original amount of Associated Bank's mortgage to the Heims was $24,500, and what is more, Stewart was apprised of this amount in the state court complaint.[2] In order to protect its mortgage and to mitigate damages, Countrywide asserts it must bid on the Heim property at the sheriff's sale, which was scheduled for January 11, 2007.[3] (Br. in Supp. of Mot. to Remand at 3.) Countrywide argues that because Associated Bank's foreclosure judgment was $26,416.98, it is "unlikely that Countrywide will have to advance funds of more than $40,000 to pay off Associated Bank's mortgage." (*Id.*)

---

[2] This figure is not in Countrywide's original complaint, but it is set forth in an attached copy of the letter in which Countrywide asked Stewart to accept tender of the defense. (*See* Compl.)

[3] Neither party has apprised the court as to whether the sheriff's sale took place as scheduled, and if so, how much Countrywide paid to remove Associated Bank's mortgage. Were such information presented to the court, it would not be considered in the instant motion. The relevant rule, again, is that in deciding whether the jurisdictional minimum is met in a removal case, the court looks to the record as it existed at the time of removal, and does not consider any later event that alters the amount in controversy *BEM I*, 301 F.3d at 552.

5

Countrywide is in a good position to know its own losses with respect to paying off the Associated Bank mortgage. However, when that $40,000 is aggregated with potential damages from Countrywide's other claims, especially the insurance bad-faith claim, the amount in controversy may well exceed the jurisdictional minimum.

Under Wisconsin law, insurance bad-faith claims permit a plaintiff to recover attorney fees, *DeChant v. Monarch Life Ins. Co.*, 547 N.W.2d 592, 596-97 (Wis. 1996), and expose the defendant to punitive damages as well. *Id.*; *Trinity Evangelical Lutheran Church & School-Freistadt v. Tower Ins.*, 2003 WI 46, 661 N.W.2d 789, 797 (2003). Legal fees count towards the jurisdictional minimum when the prevailing party is entitled to recover them as part of damages. *Gardynski-Lseschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (7th Cir. 1997). Similarly, punitive damages count towards the jurisdictional minimum if they are recoverable under the complaint. *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943). In the ad damnum, Countrywide demands judgment for, *inter alia*, its attorney fees. The complaint's failure expressly to request the punitive damages potentially available in its bad-faith claim does not preclude consideration of such an award to satisfy the jurisdictional amount because punitive damages are recoverable here. *See Oshana*, 472 F.3d at 512.

If Countrywide's high-end estimate of $40,000 in compensatory damages is added to the legal fees and punitive damages Stewart faces in connection with the bad-faith claim, the total amount in dispute at the time of removal, at least from Stewart's viewpoint, could easily exceed $75,000 exclusive of costs and interest. Even if compensatory damages end up in the $25,000 range, a 2-to-1 multiplier for an award of punitive damages on the bad-faith claim is quite plausible. Wisconsin law expressly rejects the use of a fixed multiplier to calculate the amount of reasonable punitive damages, and the Wisconsin Supreme Court has upheld a multiplier as high as 7-to-1 in

6

a bad-faith claim against an insurer.  *Trinity Evangelical*, 661 N.W.2d at 802-804.  In light of the original complaint and the applicable Wisconsin law, I conclude that Stewart has established the requisite minimum amount in controversy.

At this point, Countrywide may defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  *See Oshana*, 472 F.3d at 511.  However, such legal certainty is not present here.  There is no reason to believe on the day the case was removed that it was legally impossible for Countrywide to recover more than $75,000 from Stewart.

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand is **DENIED.**  The clerk shall set this matter on the court's calendar for a Rule 16 scheduling conference within the next thirty days.

Dated this   23rd   day of March, 2007.

           s/ William C. Griesbach
           William C. Griesbach
           United States District Judge