# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

COUNTRYWIDE HOME LOANS, INC.,

        Plaintiff,

    v.                            Case No. 06-C-1254

STEWART TITLE GUARANTY COMPANY,

        Defendant.

## DECISION AND ORDER

      Plaintiff Countrywide Home Loans, Inc. ("Countrywide"), brought this action against Defendant Stewart Title Guaranty Company ("Stewart Title"), seeking damages incurred by Countrywide when it discovered that the mortgage it took to refinance the debt on a home was second to a mortgage given to Associated Bank (actually, First Federal Capital Bank, Associated Bank's predecessor) to secure a home equity line of credit previously extended to the homeowners. Countrywide claims that Stewart Title breached its duty to defend Countrywide in the foreclosure action commenced by Associated Bank ("Associated") that arose under the lender's policy of title insurance issued by Stewart Title to Countrywide prior to the refinance.[1] Countrywide has also asserted several tort claims against Stewart Title, alleging that Stewart Title was negligent in failing to accurately ascertain and disclose the prior mortgage, that it misrepresented the condition of the title, and that it acted in bad faith in failing to defend Countrywide in the foreclosure action.

---

[1]The policy was actually issued to America's Wholesale Lender, a trade name utilized by Countrywide and not a separate entity. (DPFOF ¶ 6.)

The case is presently before me on Stewart Title's motion for summary judgment as to all claims against it. Stewart Title contends that Countrywide's claim under the policy is barred because Countrywide failed to provide Stewart Title with prompt notice of the claim as required by the terms of the policy, and that such failure prejudiced Stewart Title. As to the remaining claims, Stewart Title argues that under governing Wisconsin law, title policies are contracts of indemnity and no tort liability can arise under them. Stewart Title contends that Countrywide's tort claims thus fail as a matter of law. For the reasons stated herein, Stewart Title's motion will be granted in part and denied in part.

## FACTS

On September 22, 2004, Stewart Title issued a lender's policy of title insurance to Countrywide to insure a mortgage on the home of Christopher and Jennifer Heim that was to secure Countrywide's loan to the Heims in the amount of $183,500. (DPFOF ¶ 5.) The policy insured Countrywide "against loss or damage . . . sustained or incurred the insured by reason of . . . [t]he priority of any lien or encumbrance over the lien of the insured mortgage." (DFOF ¶ 7; Compl. Intro. ¶ 2, Policy § 6.) The terms of the title policy also provided:

> [t]he insured shall notify [Stewart Title] promptly in writing (i) in case of any litigation . . . . If prompt notice shall not be given to [Stewart Title], then as to the insured all liability of [Stewart Title] shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify [Stewart Title] shall in no case prejudice the rights of any insured under this policy unless [Stewart Title] shall be prejudiced by the failure and then only to the extent of the prejudice.

(DFOF ¶ 8, Title Policy, Conditions and Stipulations § 3; Br. Opp. Sum. J. 5.)

On March 13, 2006, Countrywide was served with a summons and complaint in a foreclosure action in which Associated alleged it held a mortgage that was prior and superior to

2

Countrywide's mortgage on the property. (DPFOF ¶ 14.) Countrywide did not file a response within the time allowed and a default judgment was entered against it in the foreclosure action on May 3, 2006. (DPFOF ¶¶ 15-17.) On May 19, 2006, Countrywide's attorney sent a letter to Stewart Title, advising that "[w]e have now been served with a foreclosure action that has been filed on behalf of Associated Bank" and tendering the defense of the action to Stewart Title. (DPFOF ¶ 19.) Although the letter noted that time was of the essence, it failed to disclose that Countrywide had already been found in default and that a judgment of foreclosure had been entered two weeks earlier. Stewart Title eventually learned that a default judgment had already been entered and denied the claim on August 15, 2006, based on Countrywide's failure to provide prompt notice of its claim. (DPFOF ¶ 22; PPFOF ¶ 13.) In its letter informing Countrywide of its denial, however, Stewart Title informed Countrywide that it would consider accepting tender of the defense if Countrywide could get the default judgment set aside. (DPFOF ¶ 23.) Countrywide then attempted to have the default judgment set aside for excusable neglect, but its motion was denied. (DPFOF ¶ 24.) Countrywide did not appeal the denial of its motion to vacate the default. Instead, on January 11, 2007, Countrywide attended Associated's sheriff sale of the property and, in order to protect its interest, purchased it with a bid in the amount of $90,000.00. (PPFOF ¶ 16.) It then filed the instant action.

Countrywide claims that under the terms of the title policy Stewart Title had a duty to defend it in the foreclosure action and that Stewart Title breached the terms of the policy by refusing to do so. (Compl. Claim Four ¶ 3.) Additionally, Countrywide asserts several tort claims. Countrywide claims Stewart Title is liable for negligent misrepresentation, having failed to discover and disclose the existence of the prior mortgage on the property. (Compl. Claim One ¶ 8.) Countrywide alleges that Stewart Title negligently breached a duty to provide Countrywide "all pertinent information

3

regarding the lien position of its mortgage." (Compl. Claim Three ¶¶ 2-3.) Countrywide also asserts claims of defective title and bad faith. (Compl. Claims Two and Five.)

Stewart Title has now moved for summary judgment, claiming it had no duty to defend Countrywide in the foreclosure action because (1) Countrywide failed to provide Stewart Title with prompt notice of its claim, as required by the terms of the title policy, and (2) the delay caused prejudice to Stewart Title. (Br. Supp. Mot. Sum. J. 1.) Stewart Title claims that Countrywide's tort claims must fail because the title policy, as a contract of indemnity, does not give rise to tort liability. (Br. Supp. Mot. Sum. J. 2.)

## ANALYSIS

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Where the party seeking summary judgment does not bear the burden of proof at trial on any element of the claim, it is enough that it inform the court of "the basis of its motion and identif[y] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* There is no requirement that a moving party who does not bear the burden of proof establish that the element does not exist. In other words, a moving party who does not have the burden of proof at trial (usually the defendant) is not required to prove a negative in order to make a prima facie showing for summary judgment. *Id.*

4

Once the moving party has met its burden, the nonmoving party must designate specific facts to support or defend each element of the cause of action, showing that there is a genuine issue for trial. *Id.* at 322-24. In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The mere existence of some factual dispute does not defeat a summary judgment motion, however; there must be a genuine issue of material fact for the case to survive. *Id*. at 247-48.

## 1. Policy Claim

Under the terms of its title policy, Stewart Title was required to defend Countrywide in any litigation in which any third party asserted a claim adverse to the title or interest as insured and to indemnify Countrywide for any loss it sustained as a result of the priority of any lien or encumbrance over the lien of the insured mortgage.[2] (Title Policy at 1.) Both duties were expressly conditioned upon the requirement that Countrywide give prompt notice of any claim or litigation covered by the policy. (Policy § 3.) The policy further provided, however, that failure to give such notice "shall in no case prejudice the rights of any insured under this policy unless the Company shall be prejudiced by the failure and then only to the extent of the prejudice." (*Id.*)

As Stewart Title notes, the notice provision of its policy is consonant with Wisconsin law, which states:

---

[2]Although the only policy claim that Countrywide explicitly asserts is that Stewart Title breached its duty to defend it in the foreclosure action, it is Countrywide's claim for indemnification under the policy, which I find implicit in its complaint, that is really at issue in the case. Stewart Title clearly did not breach its duty to defend since by the time Countrywide informed it of the action, Countrywide had already been found in default and no defense was possible. And because Countrywide offered no defense of its own, it has no claim for reimbursement of defense costs.

5

> Provided notice or proof of loss is furnished as soon as reasonably possible and within one year after the time it was required by the policy, failure to furnish such notice or proof within the time required by the policy does not invalidate or reduce a claim unless the insurer is prejudiced thereby and it was reasonably possible to meet the time limit.

Wis. Stat. § 631.81(1).[3]  Thus, in order for Stewart Title to prevail, the court must find (1) that Countrywide failed to provide prompt notice of the foreclosure action as required by the policy; and (2) that Countrywide's failure to provide such notice caused Stewart Title prejudice.

With respect to the first issue, "[t]he insurer has the burden to show that notice was not timely." *Neff v. Pierzina*, 2001 WI 95 ¶ 36, 245 Wis.2d 285, 629 N.W.2d 177 (citing *Resseguie v. Am. Mut. Liab. Ins. Co.*, 51 Wis. 2d 92, 104, 186 N.W.2d 236 (1971)).  Noncompliance with a notice provision is established as a matter of law when "(1) there is no material issue of fact as to when notice was given, and when under the policy the duty to give it arose; and (2) no jury could reasonably find the delay to have constituted only such time as was 'reasonably necessary' under the circumstances." *RTE Corp. v. Maryland Casualty Co.*, 74 Wis. 2d 614, 629, 247 N.W.2d 171, 179 (1976).  In this case, the policy of insurance required Countrywide to provide Stewart Title with "prompt notice" of litigation in connection with the insured mortgage.  (DFOF ¶ 8; Br. Opp. Sum. J. 5.)  Wisconsin courts have construed the words "immediately," "forthwith," "promptly," and "as soon as practicable" in this context as requiring that notice be provided within "a reasonable time." *Gerrard Realty Corp. v. American States Ins. Co.*, 89 Wis.2d 130, 143, 277 N.W.2d 863, 870 (1979).  "Normally the mere passage of time does not constitute noncompliance with the notice

---

[3]The parties are in agreement that Wisconsin law governs this dispute over a policy delivered and issued in Wisconsin and which insure title to land located in Wisconsin.  *See* Wis. Stat. 631.01(1).  All references are to the 2005-06 edition of the Wisconsin Statutes.

6

provision as a matter of law." *RTE Corp.*, 247 N.W.2d at 178. "The circumstances of the particular case must be considered." *Id.*

Stewart Title contends that Countrywide clearly failed to comply with this condition because it did not provide it with notice of the litigation until after the time to respond had expired and a default judgment had been entered against it. In support of its contention, Stewart Title cites *Gerrard Realty* in which the Wisconsin Supreme Court held that where the insured failed to provide notice of a claim until after completion of the trial, but before the entry of judgment, such delay constituted non-compliance with policy provision requiring notice "as soon as practicable" as a matter of law. (Def.'s Br. In Supp. at 8.) In *Gerrard Realty*, a real estate company sued its errors and omissions carrier when it denied coverage for a claim of negligent misrepresentation. The realtor had been sued for fraud in connection with the sale of a restaurant for failing to disclose to the buyers that the restaurant had been cited for several health code violations. Since claims for fraud were excluded under the realtor's errors and omissions policy, it chose not to tender the defense of the claim to its insurer. However, after the buyers were allowed to assert a claim of negligent misrepresentation as an alternative basis of liability at trial some twenty-two months later, the realtor tendered the claim to its insurer. 277 N.W.2d 867-68. Despite the fact that the buyers' initial claim was not covered under the policy, the Wisconsin Supreme Court held that the facts alleged in the original complaint supported recovery under a theory of negligence as was sufficient to trigger the insured's duty to notify his insurer. *Id.* at 869. Because the insured waited until after trial to notify his insurer, the Court concluded that it had breached its obligation to notify the insurer "as soon as practicable." *Id.* at 871. Given the undisputed fact that in this case notice was not given until after judgment was entered, Stewart Title argues that it necessarily follows that Countrywide's delay constituted a breach of the policy condition that it provide prompt notice.

7

In addition to misstating the facts of *Gerrard Realty*, Countrywide in response notes that the notice in that case was not given until after a trial on the merits. Countrywide then inexplicably suggests that *Gerrard Realty* does not control here because "a default judgment does not rise to the same level as the completion of a trial." (Pl.'s Br. In Opp. at 12.) Countrywide also suggests that *Gerrard Realty* does not support Stewart Title's contention that the notice provided in this case was not within a reasonable time since in that case notice was not given until twenty-two months after the lawsuit was filed. Here, by contrast, Countrywide notes that Stewart Title was notified of the action approximately two months after Countrywide was served with the summons and complaint.

Countrywide's argument is unpersuasive. A judgment, whether by default or following a trial on the merits, is final. Providing notice of a claim after the entry of judgment clearly places the insurer in a worse position than it would be in if notice was given after a trial but before entry of judgment. At least in *Gerrard Realty* the insurer would have had the opportunity to file post-trial motions. The fact that Countrywide failed to give Stewart Title notice of the litigation until after judgment had already been entered against it deprived Stewart Title of any opportunity it would have had to defend the claim.

The fact that Countrywide waited only two months after suit was filed before giving notice whereas in *Gerrard Realty* the court considered a delay of twenty-two months after suit was filed is also unavailing. In determining whether a delay in providing notice was reasonable, Wisconsin courts consider all of the surrounding circumstances and not the mere passage of time. *RTE Corp. v. Maryland Cas. Co.*, 247 N.W.2d at 178. Here, Countrywide offers no explanation for its failure to promptly notify Stewart Title. Unlike *Gerrard Realty*, it should have been immediately apparent to Countrywide once it was served with Associated's foreclosure action that Associated was

8

asserting an interest adverse to the interest Countrywide had insured. More importantly, Countrywide knew from the summons served on it that if it did not provide an answer within twenty days, the circuit court could grant judgment against it. (Decl. of Leon W. Todd, Ex. 1.) Despite this fact, Countrywide failed to file an answer itself and made no effort to notify Stewart Title until the time to file a response had expired and a default judgment entered against it. Under these circumstances, no reasonable jury could find that Countrywide's notice to its insurer was timely.

But that does not end the inquiry. In order to relieve the insurer of its obligations under the policy, the court must not only find that the notice was untimely; it must also find that the insurer suffered prejudice as a result. Wis. Stat. § 631.81(1)[4]; *Phoenix Contractors, Inc. v. Affiliated Capital Corp.*, 2004 WI App 103, ¶ 11, 273 Wis. 2d 736, 681 N.W.2d 310. "Prejudice to the insurer in this context is a serious impairment of the insurer's ability to investigate, evaluate, or settle a claim, determine coverage, or present an effective defense, resulting from the unexcused failure of the insured to provide timely notice." *Neff*, 629 N.W.2d 177, ¶ 45. "Whether an insurer has been prejudiced is governed by the facts and circumstances in each case." *Id.*

Stewart Title contends that once the insurer demonstrates that the notice was not timely, the burden shifts to the insured to prove that the insurer did not suffer prejudice. (Def's Br. In Supp. at 8-9.) But this rule only applies for liability insurance policies, *see* Wis. Stat. § 632.26(2) ("Failure to give notice as required by the policy as modified by sub. (1)(b) does not bar liability under the policy if the insurer was not prejudiced by the failure, but the risk of nonpersuasion is

---

[4]Under §631.81(1), failure to provide notice of the claim within the time allowed under the policy does not invalidate or reduce the claim "unless the insurer is prejudiced thereby and it was reasonably possible to meet the time limit." Countrywide does not argue that it was unable to meet the time limit here, so prejudice is the only question that remains.

9

upon the person claiming there was no prejudice."), or when notice is given more than a year after it was required. Wis. Stat. § 631.81(1); *Gerrard Realty*, 277 N.W.2d at 872; *see also Zeneth Ins. Co. v. Employers Ins. of Wausau*, 141 F.3d 300, 307 (7th Cir. 1998) ("Wisconsin, therefore, requires some kind of showing of prejudice in all cases in which an insurance company receives late notice. It simply shifts the burden of proof from the insurer to the claimant when the notice is more than a year after the time required by the policy."). Since Stewart Title's policy is not a liability policy, § 632.26 does not apply. And because Countrywide provided notice within a year, no presumption of prejudice arises and the burden of proving prejudice remains on the party asserting late notice as a defense.

Stewart Title nevertheless contends that prejudice should be presumed when, as here, the insurer is unable as a result of late notice to participate in the defense of the underlying claim. It notes that "[i]n *Gerrard Realty,* the Wisconsin Supreme Court held that, as a matter of law, the insurer was prejudiced by not receiving notice of the action against the insured until after the completion of the trial, even though notice was given prior to the entry of judgment." If the failure to give notice before entry of judgment can prejudice the insurer as a matter of law, Stewart Title suggests, then surely the failure to provide notice until after judgment is entered is prejudicial. Because judgment was already entered on the underlying claim before it received notice, Stewart Title contends it was denied the opportunity to investigate the case, conduct discovery, attempt to settle the matter, or assert any claims or defenses. (Def.'s Br. In Supp. at 9-10.) Citing *Phoenix Contractors, Inc.*, 681 N.W.2d at 315, Stewart Title argues that the court cannot assume that if Stewart Title did have the opportunity to investigate and defend the case, the result would have been the same. (*Id.* at 10.) It thus argues that prejudice has been shown.

10

But in *Phoenix Contractors*, notice of the claim was not given within one year after the time required under the policy. 681 N.W.2d at 313. A presumption of prejudice had therefore arisen and the issue before the court was whether the insured had offered sufficient evidence to rebut it. The circuit court concluded that it did not, and the court of appeals agreed. 681 N.W.2d at 316; *see also Fireman's Fund Ins. Co. of Wis. v. Bradley Corp.*, 2003 WI 33 ¶ 63, 261 Wis. 2d 4, 660 N.W.2d 666 (holding presumption of prejudice overcome by evidence that insurer would have denied coverage in any event). Here, by contrast, there is no presumption of prejudice, and the question before the court is not whether it can assume the result would have been the same even if the notice had been timely; the question is whether Stewart Title has offered any evidence that the result would have been different. That is, after all, what it means to say that it was prejudiced by late notice. Stewart Title must offer some evidence to show that, had Countrywide promptly notified it of the suit, the outcome might have been different. In other words, to show prejudice, Stewart Title must show it had a defense to the claim. If it did not, then Countrywide's failure to promptly notify it of the suit caused it no prejudice or harm. In fact, it may have benefitted Stewart Title by sparing it the cost of defending the case in the first place.

The fact that this case deals with title insurance is also significant. The Wisconsin Supreme Court has described title insurance as a contract of indemnity. *Blackhawk Prod. v. Chicago Ins.*, 144 Wis.2d 68, 78, 423 N.W.2d 521 (1988). "Its purpose is to indemnify the insured for impairment of its interest due to failure of title as guaranteed in the title insurance report. That is, it protects against losses sustained in the event that a specific contingency, such as the discovery of an unexcepted lien affecting title, occurs." *Id.* Unlike claims asserted under a liability policy where whether and what the insurer may be required to pay is usually dependent on disputed facts that can

11

only be resolved after full discovery, a claim under a title insurance policy is generally a straightforward matter. Determining whether a lien exists and whether it is prior to another is usually a matter of record. In this case, for example, it appears that Associated recorded its mortgage securing the Heims' home equity line of credit on April 4, 2004, which would have given it priority over Countrywide's mortgage which was recorded on September 22, 2004. (Todd Decl., Ex. 1, Compl. ¶¶ 3-5; Ex. 8, ¶ 3.) Because Stewart Title did not except Associated's mortgage from coverage of its policy, it would thus appear that Stewart Title is required to indemnify Countrywide for any loss sustained by it as a result of the priority of Associated's mortgage over Countrywide's. While it is conceivable that Stewart Title may have asserted a defense to Associated's claim of priority if Countrywide had not allowed a default judgment to be entered against it, Stewart Title has failed to offer any evidence of such a defense here.[5] I therefore conclude that no prejudice has been shown and summary judgment on Countrywide's claim on the policy will be denied.

**2. Tort Claims**

Countrywide also asserts multiple tort claims against Stewart Title, all of which relate to Stewart Title's failure to discover and disclose the existence of a prior and superior lien on the property securing Countrywide's mortgage. These include claims for negligent misrepresentation, negligence and bad faith. Stewart Title argues that grant summary judgment should be granted on

---

[5]In an unauthenticated August 15, 2006, letter to Countrywide's attorney, which is marked as Exhibit F and attached to Countrywide's brief, Stewart Title's Wisconsin Claims Counsel stated that although Stewart Title had proof that the home equity line of credit was paid off and was to be closed, it was unable to offer such a defense because of Countrywide's default. If indeed, Stewart Title is able to demonstrate that it had such a defense but could not assert it because of the default, prejudice would clearly be shown. However, Stewart Title has not offered any evidence of such a defense in support of its motion for summary judgment.

12

all of Countrywide's tort claims because, under Wisconsin law, issuance of title insurance does not constitute a representation that no other liens exist on the subject property. (Br. Supp. Mot. Sum. J. 10-11.)

In *Greenberg v. Stewart Title Guaranty Co.*, 171 Wis. 2d 485, 487, 492 N.W.2d 147, 148 (1992), the Wisconsin Supreme Court addressed "whether the issuance of title commitments and subsequently issued title insurance policies give rise in Wisconsin to a tort cause of action against the title insurer and/or its issuing agent separate and apart from the contractual obligations of the title policy." The Court held that, as a contract of indemnity, a title policy creates no tort liability. *Id.* As the Court explained,

> the only duty undertaken by a title insurance company in issuing a policy of insurance is to indemnify up to the policy limits against loss suffered by the insured if the title is not as stated in the policy . . . . The policy of title insurance, however, does not constitute a representation that the contingency insured against will not occur. Accordingly, when such contingency occurs, no action for negligence or negligent misrepresentation will lie against the insurer based upon the policy of title insurance alone.

*Id.* at 152. In *Greenberg*, the Court "concluded that Stewart Title did not assume a duty to search the title . . . by selling [the plaintiff] a title insurance policy. In other words, if Stewart Title had chosen to issue the policy without examining the title, it was free to do so under its agreement . . . ." *Ramsden v. Farm Credit Services of North Cent. Wisconsin ACA*, 590 N.W.2d 1, 6 (Wis. App. 1998) (citing *Greenberg*, 492 N.W.2d 147.) Countrywide does not make any attempt to distinguish the facts of this case from *Greenberg*, and cites no authority questioning its validity. I therefore conclude that Countrywide's negligence and negligent misrepresentation claims should be dismissed.

13

Although *Greenberg* does not address bad faith claims brought against insurers, Wisconsin law requires that "[t]o show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy . . . ." *Anderson v. Continental Ins. Co.*, 271 N.W.2d 368, 376 (1978). Because Countrywide's claim was untimely, Stewart Title had a reasonable basis for denying the claim. Accordingly, Countrywide cannot prevail on its claim of bad faith.

## CONCLUSION

I conclude that although Countrywide failed to provide Stewart Title with timely notice of the litigation against it, Stewart Title has failed to demonstrate that it was thereby prejudiced. Accordingly, summary judgment will be denied as to Countrywide's claim for indemnification under the title insurance policy. Summary judgment will be granted, however as to Countrywide's tort claims against Stewart Title. *Greenberg v. Stewart Title Guaranty Co.* makes clear that Countrywide's claims for negligence and misrepresentation fail as a matter of law. And because Stewart Title's refusal to accept Countrywide's tender of defense after Countrywide allowed entry of default was not unreasonable, Countrywide's bad faith claim can succeed.

**IT IS THEREFORE ORDERED** that Stewart Title's motion for summary judgment is denied as to Countrywide's claim for indemnification under the policy of insurance; the motion is granted as to all other claims.

Dated this ___31st___ day of December, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

14