UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

COUNTRYWIDE HOME LOANS, INC.,

    Plaintiff,

  v.                                                               Case No. 06-C-1254

STEWART TITLE GUARANTY COMPANY,

    Defendant.

---

**DECISION AND ORDER**

---

      Defendant Stewart Title Guaranty Company ("Stewart") has renewed its motion for summary judgment as to the sole remaining issue in this case: whether the untimely tender of a claim by Plaintiff Countrywide Home Loans, Inc. ("Countrywide") to Stewart, pursuant to a lender's policy of title insurance, resulted in prejudice to Stewart, thereby relieving it of its duty to defend and indemnify Countrywide in a state court foreclosure action. In a previous decision, the Court held that Countrywide failed to provide Stewart with timely notice of its claimed loss by waiting to notify Stewart of the foreclosure action commenced by Associated Bank, N.A. ("Associated Bank") until after a default judgment had been entered against Countrywide. Despite the conclusion that Countywide had failed to provide prompt notice, however, the Court denied Stewart's motion for summary judgment on Countrywide's policy claim because Stewart had failed to establish that it suffered any prejudice as a result. Stewart has now renewed its motion claiming that it did indeed suffer prejudice as a result of Countrywide's untimely notice in that it was unable to assert two meritorious defenses in the foreclosure action. For the reasons that follow, Stewart's renewed motion will be granted.

## BACKGROUND

To recall the facts of the case, on September 22, 2004, Stewart issued a lender's policy of title insurance to Countrywide to insure a mortgage on the home of Christopher and Jennifer Heim that was to secure Countrywide's loan to the Heims in the amount of $183,500. (DSPFOF ¶ 1; PRDPFOF ¶ 1.)[1] The title insurance policy insured Countrywide "against loss or damage . . . sustained or incurred by the insured by reason of . . . [t]he priority of any lien or encumbrance over the lien of the insured mortgage." (Policy § 6.) Countrywide's mortgage states that the Heims were "lawfully seised of the estate hereby conveyed and [had] the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record" (DSPFOF ¶ 1).

Countywide was not the first lender given a mortgage on the property by the Heims, however. On February 6, 2004, the Heims gave a mortgage to ABN Amro Mortgage Group, Inc. ("ABN Amro"). On April 5, 2004, the Heims gave a second mortgage to Associated Bank (formerly First Federal Capital Bank) which apparently secured an open line of credit. (DSPFOF ¶ 6). In August 2004, a loan from Five-Star Mortgage Service Corp. ("Five-Star"), secured by a new mortgage, was used to pay off the loan secured by the ABN Amro's mortgage and the outstanding balance owed Associated Bank. The proceeds of the loan secured by Countrywide's mortgage was then used to pay off Five Star.

---

[1] Countrywide's Response to Stewart Title's Supplemental Proposed Findings of Fact in Support of its renewed motion for summary judgment does not conform to Civil L.R. 56.2(b)(1). The rule states that "the response must refer to the contested finding by paragraph number and must include specific citations to evidentiary materials in the record which support the claim that a dispute exists." Countrywide's response fails to do so. Although Countrywide has presented its own factual assertions to which Stewart Title has responded, several of these too fail to comply with the local rule, as they are not supported by specific citations to evidentiary materials of record. Pursuant to Local Rule 56.2(e), "the Court must conclude that there is no genuine material issue as to any proposed finding of fact to which no response is set out." Civil Local Rule 56.2(e). Accordingly, I find Stewart Title's Supplemental Proposed Findings of Fact undisputed.

2

Case 1:06-cv-01254-WCG   Filed 06/27/08   Page 2 of 7   Document 60

At the time Five-Star paid off the balance due Associated Bank on the Heim's line of credit, Associated Bank was instructed to close its home equity line of credit. (DSPFOF ¶ 9.) Associated Bank failed to do so, however, and between November 18 and December 7, 2004, advanced the Heims an additional $22,490. (DSPFOF ¶ 10; PRDPFOF ¶ 5.) When the Heims failed to make payments as they became due, Associated Bank commenced a state action for foreclosure. On March 13, 2006, Countrywide was served with Associated's foreclosure action in which Associated alleged its mortgage was prior and superior to Countrywide's. (Decision and Order at 2-3.) Countrywide failed to provide notice of the action to Stewart and did not file a response on its own behalf. As a result, a judgment of default was entered against it.

Both late notice and prejudice are required in order for an insurer to be relieved of its obligation to defend and indemnify its insured. *See* Wis. Stat. § 631.81(1). Having determined in a previous decision that Countrywide failed to provide prompt notice as required under its policy, the question before the Court now is whether Stewart suffered prejudice as a result.

## ANALYSIS

The principles governing summary judgment were set forth in the Court's previous order and need not be repeated here other than to note that at this stage of the proceedings, judgment can be granted in favor of the movant only if the undisputed evidence establishes that Stewart suffered prejudice as a result of the untimely notice of Associated Bank's claim of priority. This, in turn, depends on whether Stewart lost the benefit of a meritorious defense to the state foreclosure action. "[A] meritorious defense is a defense good at law that requires no more and no less than that which is needed to survive a motion for judgment on the pleadings." *J.L. Phillips & Associates, Inc. v. E & H Plastic Corp.*, 217 Wis. 2d 348, 363, 577 N.W.2d 13 (1998). In order to establish prejudice,

3

it is not necessary for the insurer to show that it ultimately would have prevailed on its defense. It is enough if the insurer demonstrates that its insured's unexcused failure to timely notify it of the claim resulted in "a serious impairment of the insurer's ability to investigate, evaluate, or settle a claim." *Neff v. Pierzina*, 2001 WI 95 ¶ 44, 245 Wis. 2d 285, 629 N.W.2d 177.

In this case, Stewart first argues that it was prejudiced by Countrywide's failure to promptly notify it of the foreclosure action because it was prevented from arguing that Countrywide's mortgage had priority over the advances made by Associated Bank. In support of this argument, Stewart notes that Wis. Stat. § 706.11(1m) provides that "[a]n advance of funds . . . that is secured by a duly recorded mortgage . . . and that is made after the mortgage has been recorded has the same priority as the mortgage *if the advance is made before the mortgagee has actual knowledge of an intervening lien . . . .*" (italics added). Here, it appears that Associated made advances to the Heims after the outstanding balance on their line of credit had been paid off and after Countywide's mortgage was recorded. Moreover, because Associated's Five-Star had obtained a pay-off statement from Associated and its agent, Title Services of Green Bay, Inc., paid off Associated's loan on Five-Star's behalf, Stewart Title contends it is at least arguable that Associated had knowledge of the intervening lien. If so, Stewart contends, Wis. Stat. § 706.11(1m) would have given Countywide priority over Associated's subsequent advances. (Br. in Supp. at 9.) By failing to notify it of Associated's foreclosure action until after a default judgment was entered, Stewart contends that Countrywide deprived it of the opportunity to assert § 706.11(1m) as a defense.

Stewart also claims it suffered prejudice because it was unable to assert the doctrine of equitable subrogation as a defense to Associated Bank's claim of priority. Under the doctrine of equitable subrogation, a lender may be subrogated to the lien of a prior mortgage where the money is advanced in reliance on the justifiable expectation that the lender will have the security

4

equivalent to the debt which the lender's advances discharged, provided no innocent third parties will suffer. *Rock River Lumber Corp. v. Universal Mortg. Corp.*, 82 Wis. 2d 235, 241, 262 N.W.2d 114, 117 (Wis. 1978). Under these circumstances, "[e]quity will treat such a transaction as tantamount to an assignment of the original security." *Id.* In other words, when one mortgagee's loan proceeds are used to pay off the outstanding balance of an earlier mortgage, the later mortgagee's position may be equitably subrogated into the position of the earlier mortgage, thus assuming priority over subsequent liens. Equitable subrogation is available "only where a definite agreement of the parties is shown and where a balancing of the equities favors application of the doctrine." *Id.* at 117. In *Rock River Lumber,* Universal Mortgage Corporation failed to record a renewal mortgage until several weeks after the original mortgage had been satisfied. During the period of delay, various construction creditors attached intervening liens. The court held that the intervening liens were subordinate to the renewal mortgage and that the "original mortgage was of record prior to the filing of any lien claims, and was therefore entitled to priority." *Id.* at 119. In addition, the court found no indication that the third parties were prejudiced by the delay or that subrogation was inequitable. *Id.* at 119-120.

Stewart argues that under the principle set forth in *Rock River Lumber*, Countrywide's position would be equitably subrogated to the security position held by Five-Star. (Def.'s Br. in Supp. at 11.) Stewart notes that "Countrywide advanced money to discharge the then existing mortgage held by Five-Star [, and] Countrywide expected, and the Heims agreed, that Countrywide was to have the lien position held by Five-Star as part of the refinancing transaction." (Def.'s Br. in Supp. at 11; Cavil Decl. Ex. 5.) The language of the mortgage given Countrywide supports Stewart's contention. The mortgage stated that the Heims' were "lawfully seised of the estate hereby conveyed and [had] the right to mortgage, grant and convey the Property and that the

5

Property [was] unencumbered, except for encumbrances of record." (Def.'s Br. in Supp. at 11; Mortgage § 3.) In addition, it stated that the Heims would "promptly discharge any lien which [had] priority over this Security Instrument." (Def.'s Br. in Supp. at 11; Mortgage § 4.) It thus appears that the doctrine of equitable subrogation would have served as an additional defense to Associated Bank's claim of priority in the underlying foreclosure action had Countrywide provided timely notice to Stewart.

In its response, Countrywide does not address the merits of the two defenses Stewart claims it could have asserted had it been timely notified of the foreclosure action. Instead, Countrywide argues that Stewart could have asserted the defenses despite the fact that by the time it learned of the action, a default judgment had already been entered in favor of Associated Bank. In Countrywide's view, "[t]he entry of judgment did not preclude Stewart from attempting to settle the title claim." (Br. In Opp. at 6.) But of course, this makes no sense. Once judgment is entered against a party, it is too late to assert a defense, no matter how meritorious, unless the judgment is vacated and the case reopened. Countrywide attempted to do that here, but its motion to vacate the judgment was denied because it was unable to show excusable neglect. (DPFOF ¶ 24.) Under these circumstances, Associated Bank had no reason to consider any potential defense or compromise its own claim.

It therefore follows that Stewart suffered prejudice as a result of Countrywide's failure to provide prompt notice of the foreclosure action. Stewart was unable to assert either of the two potentially meritorious defenses to Associated Bank's claim of priority. The untimely notice resulted in "a serious impairment of the insurer's ability to investigate, evaluate, or settle a claim." *Neff*, 2001 WI 95, ¶ 45. Accordingly, Stewart's motion for summary judgment as to Countrywide's

6

Case 1:06-cv-01254-WCG    Filed 06/27/08    Page 6 of 7    Document 60

remaining claim is granted.  The Clerk is directed to enter final judgment against Countrywide and in favor of Stewart dismissing all claims with prejudice.

**SO ORDERED** this   27th   day of June, 2008.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge